Whereupon, all the Judges concurred in opinion, that the verdict should be set aside and a new trial granted ; be» cause, the law of merchants gives very high faith and credit to those kinds of instruments being made by a sworn officer ; so much so, that they are scarcely ever called in question in a court of justice ; but are received as prima facie evidence in all mercantile questions of this kind. But where it appears that a notary does not depend upon his own knowledge, as to so important and leading a fact as that of an endorsor or acceptor of a bill of exchange or promissory note, not being to be found upon the necessary inquiry, it is a good ground to reject that instrument, as this kind of hearsay information from a clerk, will not warrant by any means so confidential an officer as a public notary, in entering up his protest. His own knowledge of the fact, will alone justify him in making up his protest, either to send abroad into foreign countries, or in inland transactions. The Judges, however, were of opinion, that the clerk himself would have been a competent witness to have proved the use of due diligence to find out the defendant, in order to give him notice of non-payment by the drawer, independent of the protest.
Rule for new trial made absolute.
Present, Grimke, Johnson, Trezevant and Brevard-